IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Civil Action No. 12-cv-02763-BNB

DANIEL PINO, and
CDOC INMATES, et al. (a diversity of citizenship class),

      Plaintiff,

v.

CDOC ADMINISTRATIVE REGULATIONS 300-26: 850-06,
AMENDMENTS (Sexually Explicit Materials), and
TOM CLEMENTS, Exec. Director (Corporate),

      Defendants.

---

## ORDER DENYING REQUEST TO WAIVE INITIAL PARTIAL FILING FEE

---

Plaintiff, Daniel Pino (hereinafter referred to as "Plaintiff"), is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Arkansas Valley Correctional Facility in Crowley, Colorado. Plaintiff, acting *pro se*, initiated an intended class action by filing a Prisoner Complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, both of which only he signed. Based on the information about Plaintiff's financial status as of September 5, 2012, the Court found that Plaintiff was able to pay an initial partial filing fee of $25.00 pursuant to § 1915(b)(1), and on October 23, 2012, granted him leave to proceed pursuant to § 1915.

Pursuant to the October 23 order, Plaintiff was required to pay the full amount of the required $350.00 filing fee pursuant to § 1915(b)(1) regardless of the outcome of this action, and to pay the initial partial filing fee of $25.00 within thirty days. In order to

show cause if he was unable to pay the designated initial partial filing fee, Plaintiff was directed to file, within the time allowed, a current certified copy of his trust fund account statement.

On November 2, 2012, instead of paying the $25.00 initial partial filing fee, Plaintiff submitted a document titled "in re: Plaintiffs [sic] Show Cause Reply Request to Waive the $25.00 partial filing fee pursuant to; 28 USC § 1915(b, (1, [sic]" together with a certified copy of his trust fund account statement as of October 29, 2012, and asked the Court to waive the initial partial filing fee because he lacked sufficient funds for pay the designated initial partial filing fee.

The Court must construe Plaintiff's filings liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons set forth below, the request for waiver of the initial partial filing fee will be denied.

The October 29 trust fund account statement Plaintiff submitted shows an available balance of $2.75. However, Plaintiff's contention that he is unable to pay the designated initial partial filing fee of $25.00 is not supported by the record before the Court. Although the certified account statement Plaintiff submitted as an attachment to the November 2 request shows that he lacked sufficient funds to pay the designated initial partial filing fee on October 29, the account statement also shows that he could have paid the designated initial partial filing fee in this action from October 23, when the balance in his account of $100.15, until October 29, 2012, when he placed a canteen order of $86.90, leaving a balance of $2.75. Plaintiff's decision to make a discretionary canteen purchase rather than pay the designated initial partial filing fee obligation

2

persuades the Court that his request to waive the $25.00 initial partial filing fee should

be denied.  Plaintiff will be allowed thirty days in which to pay the $25.00 initial partial

filing fee.  Failure to do so within the time allowed will result in the dismissal of the

instant action.

Accordingly, it is

ORDERED that the document titled "in re: Plaintiffs [sic] Show Cause Reply

Request to Waive the $25.00 partial filing fee pursuant to; 28 USC § 1915(b, (1, [sic]"

(ECF No. 8) is denied.  It is

FURTHER ORDERED that Plaintiff will be allowed **thirty (30) days from the**

**date of this order** in which to pay the $25.00 initial partial filing fee.  Failure to do so

within the time allowed will result in the dismissal of the instant action.

DATED November 6, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

In addition, the account statement also shows that from September 5, 2012, through October 2012, Plaintiff had $520.83 in deposits to his trust fund account, including a $4.56 canteen credit on September 10, 2012, and placed eleven canteen orders on September 10, 14, 24, and 27 (three orders) and October 9, 12, 22, 24, and 29 totaling $473.92 and two hobby debits on September 20 and October 25 totaling $16.10.  Surely Plaintiff knew when he submitted his § 1915 motion and affidavit on October 17 together with a certified account statement as of September 5 that he would have to make filing fee payments.