IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02763-BNB

DANIEL PINO,

    Plaintiff,

v.

CDOC ADMINISTRATIVE REGULATIONS 300-26; 850-06,
    AMENDMENTS (Sexually Explicit Materials), and
TOM CLEMENTS, Exec. Director (Corporate),

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Daniel Pino, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Arkansas Valley Correctional Facility in Crowley, Colorado. Mr. Pino initiated this intended class action by filing *pro se* on October 17, 2012, a civil rights complaint (ECF No. 1) on behalf of himself and "CDOC Inmates, Et. [sic] Al. (A diversity of Citizenship class)," *id.* at 1. He asks for money damages, declaratory relief, and a "judicial interpretation as to the Constitutional safeguards and liberty interest 'individually' concerning the respects to private property, creativity and the rights to personal publication of Works, Expressive Art etc. etc." *Id.* at 15. The last request appears to be a request for an advisory opinion, which the Court is not empowered to give. *See Flast v. Cohen*, 392 U.S. 83, 96-97 (1968) ("[T]he implicit policies embodied in Article III . . . impose the rule against advisory opinions on federal courts.").

Mr. Pino asserts jurisdiction pursuant to 42 U.S.C. § 1985 and 28 U.S.C. § 1332, the latter of which constitutes diversity jurisdiction and does not apply to the instant action because the parties are not citizens of different states. Mr. Pino has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

The Court must construe the complaint liberally because Mr. Pino is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Pino will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

The complaint suffers from additional deficiencies. Mr. Pino has named "CDOC Administrative Regulations 300-26; 850-06, Amendments (Sexually Explicit Materials)" as a suable entity in the caption to the complaint. A DOC regulation is not a proper party defendant in this action. A defendant must be able to respond to all charges in the complaint. This named defendant cannot.

Contained within the complaint is a motion for a preliminary injunction and/or temporary restraining order titled "TRO/and Request for Injunction." *See* ECF No. 1 at 4-8. The motion for a preliminary injunction and/or temporary restraining order will be addressed separately.

Mr. Pino is attempting to initiate a class action. A prerequisite for class action certification is a finding by a court that the representative party can "fairly and adequately protect the interests of the class." Rule 23(a)(4) of the Federal Rules of Civil Procedure. Because a layperson ordinarily does not possess the legal training and

expertise necessary to protect the interests of a proposed class, courts are reluctant to certify a class represented by a *pro se* litigant. *See* 7A Wright, Miller & Kane, *Federal Practice and Procedure* Civil 3d § 1769.1 & n.13 (3d ed. 2005 & Supp. 2009); *see also Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (*pro se* prisoners are not adequate representatives for a class). The United States Court of Appeals for the Tenth Circuit has held that, while a *pro se* litigant may assert his own claims in federal court, his competence as a layperson is too limited to protect the rights of others. *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000); *see also Caputo v. Fauver*, 800 F. Supp. 168, 170 (D. N.J. 1992) (holding that "[e]very court that has considered the issue has held that a prisoner proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action") (citations omitted). The Court also must take note of the logistical and administrative constraints *pro se* inmate litigants experience, which severely restrict their ability to investigate class claims and contact class members. The Court finds that class certification is inappropriate. As such, Mr. Pino may not assert claims on behalf of other individuals, *see* 28 U.S.C. § 1654, and may pursue only his own individual claims in this action. The caption of this order has been corrected to remove "CDOC Inmates, Et. [sic] Al. (A diversity of Citizenship class)" from the Court's docketing records.

    Mr. Pino challenges an amended DOC administrative regulation 300-26 titled "Publications" that he contends forces inmates to mail out of the prison their sexually explicit materials by October 15, 2012, or face destruction of the property and/or a disciplinary sanction. He maintains such a regulation violates DOC prisoner rights to creativity, free speech, and personal property, and subjects prisoners to excessive

mailing costs and cruel and unusual punishment. He seeks to limit implementation of the regulation to those DOC inmates eligible for sex-offender treatment. Mr. Pino also challenges the sanctions listed in DOC administrative regulation 850-06 titled "Offender Property," which details nonallowable property, including sexually explicit items. However, Mr. Pino does not allege any specific facts indicating how he has been injured by the administrative regulations.

The United States Constitution requires that a party seeking to invoke the jurisdiction of the federal courts must demonstrate that he has suffered some actual or threatened injury, that the injury was caused by the defendants, and that a favorable judicial decision is likely to redress the injury. *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982); *Hackford v. Babbitt*, 14 F.3d 1457, 1464 (10th Cir. 1994). Because Mr. Pino's claims fail to demonstrate any actual or threatened injury as a result of the conditions of his confinement, he lacks standing to assert claims concerning those conditions. *See Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1295-96 (10th Cir. 1980).

Finally, the complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV*

*Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.  Mr. Pino's complaint is unnecessarily wordy, disorganized, and confusing.

In order to comply with Rule 8, Mr. Pino must provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).  In particular, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Mr. Pino must show that each defendant caused the deprivation of a

federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). Supervisory officials may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under . . . for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a civil rights suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). Mr. Pino will be given an opportunity to cure the deficiencies in his complaint by submitting an amended complaint that clearly states a basis for this Court's jurisdiction, sues proper parties, alleges how his constitutional and statutory rights are being violated, asserts an injury,

states his claims clearly and concisely in compliance with Fed. R. Civ. P. 8, and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations. The amended complaint Mr. Pino will be directed to file may not contain an internal motion for a preliminary injunction and/or temporary restraining order.

Accordingly, it is

ORDERED that the caption of this order is corrected to remove "CDOC Inmates, Et. [sic] Al. (A diversity of Citizenship class)" from the Court's docketing records. It is

FURTHER ORDERED that Plaintiff, Daniel Pino, file, **within thirty (30) days from the date of this order**, an amended Prisoner Complaint that complies with the directives of this order. It is

FURTHER ORDERED that Mr. Pino shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and use that form in submitting the amended complaint. It is

FURTHER ORDERED that, if Mr. Pino fails to file an amended Prisoner Complaint that complies with this order within the time allowed, the complaint and the action will be dismissed without further notice.

DATED December 13, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge