IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02763-BNB

DANIEL PINO,

     Plaintiff,

v.

CDOC ADMINISTRATIVE REGULATIONS 300-26; 850-06,
     AMENDMENTS (Sexually Explicit Materials), and
TOM CLEMENTS, Exec. Director (Corporate),

     Defendants.

ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION
AND/OR TEMPORARY RESTRAINING ORDER

     Plaintiff, Daniel Pino, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Arkansas Valley Correctional Facility in Crowley, Colorado. Mr. Pino initiated this intended class action by filing *pro se* on October 17, 2012, a civil rights complaint (ECF No. 1). Contained within the complaint is a motion for a preliminary injunction and/or temporary restraining order titled "TRO/and Request for Injunction." *See* id. at 4-8. This order addresses the motion.

     The Court must construe liberally the motion for a preliminary injunction and/or temporary restraining order because Mr. Pino is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the motion for a preliminary

injunction and/or temporary restraining order will be denied.

Mr. Pino challenges an amended DOC administrative regulation 300-26 titled "Publications" that he contends forces inmates to mail out of the prison their sexually explicit materials by October 15, 2012, or face destruction of the property and/or a disciplinary sanction. He maintains such a regulation violates DOC prisoner rights to creativity, free speech, and personal property, and subjects prisoners to excessive mailing costs and cruel and unusual punishment. He seeks to limit implementation of the regulation to those DOC inmates eligible for sex-offender treatment. He seeks to limit implementation of the regulation to those DOC inmates eligible for sex-offender treatment. Mr. Pino also challenges the sanctions listed in DOC administrative regulation 850-06 titled "Offender Property," which details nonallowable property, including sexually explicit items. He fails to allege specific facts indicating how he has been injured by the administrative regulations.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). Similarly, a party seeking a temporary restraining order must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result unless a temporary restraining order is issued. *See* Fed. R. Civ. P. 65(b).

A preliminary injunction is an extraordinary remedy and "the primary goal of a preliminary injunction is to preserve the pre-trial status quo." *RoDa Drilling Co. v.*

*Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009).  Therefore, "courts should be especially cautious when granting an injunction that requires the nonmoving party to take affirmative action - a mandatory preliminary injunction - before a trial on the merits occurs."  *Id.*  Because Mr. Pino is seeking a mandatory preliminary injunction that seeks to alter the status quo, he must make a heightened showing of the four factors listed above.  *See id.* at 1209.

Mr. Pino's allegations do not demonstrate a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury if no preliminary injunction is issued, that his threatened injuries outweigh whatever damage the proposed injunction may cause the opposing party, or that a preliminary injunction would not be adverse to the public interest.  Therefore, the motion for injunctive relief will be denied.

Accordingly, it is

ORDERED that the motion for a preliminary injunction and/or temporary restraining order titled "TRO/and Request for Injunction" that Plaintiff, Daniel Pino, filed *pro se* on October 17, 2012, as part of the Prisoner Complaint (ECF No. 1 at 4-8), is denied.

DATED at Denver, Colorado, this  14th  day of    December   , 2012.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court